**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1457**

_____

In Re: DAVID EDGAR BANE,

              Debtor.

-----------------------

U.S. TRUSTEE,

              Plaintiff - Appellee,

       v.

DAVID EDGAR BANE,

              Debtor - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   Samuel G. Wilson, District
Judge.  (7:12-cv-00529-SGW; BK-11-70118; AP-11-07013)

_____

Submitted:  February 24, 2014       Decided:  April 9, 2014

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Gary M. Bowman, Roanoke, Virginia, for Appellant.   Judy A.
Robbins, United States Trustee, Robert B. Van Arsdale, Assistant
United States Trustee, W. Joel Charboneau, Roanoke, Virginia,
Ramona D. Elliott, P. Matthew Sutko, Robert J. Schneider, Jr.,

Executive Office for United States Trustees, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On January 21, 2011, David Edgar Bane (Bane) filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia. On March 21, 2011, W. Clarkson McDow, Jr., the United States Trustee for Region 4 (UST), initiated an adversary proceeding by filing a two-count complaint in the bankruptcy court alleging that a denial of discharge of Bane's debts was warranted under 11 U.S.C. § 727(a)(2)(A)[1] and, alternatively, under 11 U.S.C. § 727(a)(4)(A).[2] Following discovery, a trial was held before the bankruptcy court on the UST's complaint. On June 13, 2012, the bankruptcy court entered a decision and order denying discharge under both § 727(a)(2)(A) and § 727(a)(4)(A). On appeal, the district court affirmed the bankruptcy court's § 727(a)(2)(A)'s decision, and, given this affirmance, declined

---

[1] Under § 727(a)(2)(A), the bankruptcy court shall deny discharge if, within one year before the date of the filing of the petition, "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-- . . . property of the debtor." 11 U.S.C. § 727(a)(2)(A).

[2] Under § 727(a)(4)(A), the bankruptcy court shall deny discharge if the debtor "knowingly and fraudulently, in or in connection with the case-- . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

to address the bankruptcy court's § 727(a)(4)(A) decision. For the reasons stated below, we affirm.

I

A

In 2007, Bane's company, Aequitas-Energy, Inc., purchased fifty acres of land (the Angel Lane Property) in Roanoke County, Virginia, from Bane's mother, Martha Bane.[3] As payment, Martha Bane received a $400,000 note, which was to be secured by a deed of trust that was never recorded. Aequitas-Energy, Inc. then obtained a loan (the Loan) from Community Trust Bank (the Bank) secured by a properly recorded deed of trust on the Angel Lane Property. Consequently, the Bank's lien was superior to that of Martha Bane's.

By 2010, the Loan was in default, and the Bank scheduled a foreclosure sale for July 2, 2010. The day before the scheduled foreclosure sale, Bane transferred the Angel Lane Property from his company to himself. He also filed a voluntary Chapter 7 bankruptcy petition, which resulted in a stay of the foreclosure sale. In September 2010, Bane moved to dismiss his bankruptcy

---

[3] The Angel Lane Property was purchased by Martha Bane and Phillip Bane, as tenants in common, from Gilbert Miles and Frances McLaughlin in 1992. Phillip Bane's half interest was conveyed to Martha Bane's husband, Clyde Bane, in 1993. Upon Clyde Bane's death in 1995, Martha Bane became the fee simple owner of the Angel Lane Property.

- 4 -

petition on the basis that he failed to engage in credit counseling prior to the filing of his bankruptcy petition, and the bankruptcy court granted the motion on November 9, 2010.

The Bank scheduled another foreclosure sale, this time for January 24, 2011. On December 31, 2010, Bane prepared a deed transferring 90% of his ownership interest in the Angel Lane Property to his mother, with whom he then resided, for $10. The deed recited that it was "exempt from recordation tax pursuant to Virginia Code Section 58.1-811(d)," which exempts from taxation transfers made for no consideration. (J.A. 66).

On January 21, 2011, the last business day before the scheduled foreclosure sale, the deed transferring 90% of Bane's ownership interest in the Angel Lane Property to Bane's mother was notarized and recorded. Within hours, Bane filed another voluntary Chapter 7 bankruptcy petition, which stayed the January 24, 2011 foreclosure sale.

In conjunction with his bankruptcy petition, Bane filed schedules of his assets and liabilities and statements of financial affairs. In these filings, Bane failed to disclose that: (1) he is a named beneficiary of The Martha Harrison Bane Irrevocable Trust (the Trust); (2) V&V Land Management & Resource Recovery, LLC (V&V Land Management) had a $25,000 judgment against him, his brother, Roy Bane, as trustee for the Trust, and the Trust itself; (3) he and his sister had a

judgment in the amount of $5,150 against Howard E. Payton; and (4) he had certain property at a Louisiana storage facility.

B

As to the UST's § 727(a)(2)(A) claim, the bankruptcy court found that Bane's transfer of 90% of his ownership interest in the Angel Lane Property was done with the intent to defraud his creditors. In so finding, the bankruptcy court observed that the "transfer of the Angel Lane Property . . . w[ore] several badges of fraud: (1) there was no consideration for the transfer of the property from the Debtor to his mother; (2) the Debtor and his mother have a close familial relationship; and (3) the Debtor retained a partial interest in the property allowing him to continue to use the property." (J.A. 396-97). According to the bankruptcy court, these facts established a prima facie case of fraudulent intent which was not rebutted by Bane's implausible explanations for the transfer. See Farouki v. Emirates Bank Intern., Ltd., 14 F.3d 244, 249 (4th Cir. 1994) ("Although the burden may shift to the debtor to provide satisfactory, explanatory evidence once the creditor has established a prima facie case, the ultimate burden rests with the creditor."). Consequently, the bankruptcy court concluded that the UST met his ultimate burden of persuasion and, therefore, a denial of discharge was warranted under § 727(a)(2)(A).

- 6 -

As to the UST's § 727(a)(4)(A) claim, the bankruptcy court found that Bane made material omissions in connection with his bankruptcy petition, including Bane's failure to disclose his interest in the Trust, V&V Land Management's $25,000 judgment, the $5,150 judgment against Howard E. Payton, and the property he kept at a Louisiana storage facility. The bankruptcy court was most concerned about Bane's failure to disclose V&V Land Management's $25,000 judgment because such disclosure would have revealed Bane's interest in the Trust. However, the bankruptcy court made clear that "each individual omission constitute[d] grounds to deny a discharge." (J.A. 398). The bankruptcy court found that each omission, individually and collectively, gave rise to a presumption of fraudulent intent, thereby establishing a prima facie case, that was not rebutted by Bane's implausible explanations for the omissions. Consequently, the bankruptcy court concluded that a denial of discharge was warranted under § 727(a)(4)(A).

On appeal from the bankruptcy court, the district court agreed with the bankruptcy court's conclusion that Bane's transfer of 90% of his ownership interest in the Angel Lane Property "bore common badges of fraud, including a lack of consideration for the transfer of the property from Bane to his mother, the close familial relationship between the parties, and Bane's retention of a partial interest in the property allowing

- 7 -

him continued use of that property." (J.A. 409-10). These facts, coupled with the dearth of evidence negating fraudulent intent, led the district court to agree with the bankruptcy court's conclusion that "Bane intended to defraud his creditors." (J.A. 410). Accordingly, the district court affirmed the bankruptcy court's § 727(a)(2)(A) decision, and, in so affirming, declined to address the bankruptcy court's § 727(a)(4)(A) decision.

II

"When considering an appeal from a district court acting in its capacity as a bankruptcy appellate court, we conduct an independent review of the bankruptcy court's decision, reviewing factual findings for clear error and legal conclusions de novo." Campbell v. The Hanover Ins. Co., 709 F.3d 388, 394 (4th Cir. 2013). A finding of fact is clearly erroneous when the entire record demonstrates convincingly to the reviewing court that "a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

On appeal to this court, Bane presses no challenge in his opening brief to the bankruptcy court's § 727(a)(4)(A) holding. He did raise such a challenge in response to an argument in the UST's brief which averred that the bankruptcy court's § 727(a)(4)(A) holding could be affirmed because Bane waived any

- 8 -

challenge to that holding or, alternatively, because the bankruptcy court correctly resolved the claim on the merits.

"It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004); see also United States v. Leeson, 453 F.3d 631, 638 n.4 (4th Cir. 2006) (collecting cases). In rare circumstances, appellate courts, in their discretion, may overlook this rule and others like it if they determine that a "miscarriage of justice" would otherwise result. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 421 (4th Cir. 2005).

In this case, Bane has not adequately explained why he failed to raise a challenge to the bankruptcy court's § 727(a)(4)(A) holding in his opening brief. In his reply brief, he posits that he did not address the bankruptcy court's § 727(a)(4)(A) ruling in his opening brief because the district court did not reach this issue. The obvious flaw in Bane's position is that we review the bankruptcy court's decision, not the district court's decision. Campbell, 709 F.3d at 394; In re: Frushour, 433 F.3d 393, 398 (4th Cir. 2005) (noting that, in an appeal from the district court sitting as an appellate court from a bankruptcy court, we "review directly the bankruptcy court's decision").

Moreover, we decline to exercise our discretion to overlook the waiver of this argument. Bane suggests that the UST would suffer no prejudice were we to consider the § 727(a)(4)(A) argument raised in his reply brief, which may or may not be true, but he has neither adequately explained why the bankruptcy court's § 727(a)(4)(A) holding was not discussed in his opening brief nor why our refusal to exercise our discretion will result in manifest injustice. See A Helping Hand, LLC v. Baltimore County, Md., 515 F.3d 356, 369 (4th Cir. 2008) (declining to excuse waiver where the appellant had "not even explained why it failed to raise these arguments earlier, let alone explained why, absent our consideration, a miscarriage of justice would result"). For these reasons, we affirm the bankruptcy court's decision to deny discharge under § 727(a)(4)(A).

Even though we could stop right here, we note that Bane's challenge to the bankruptcy court's § 727(a)(2)(A) ruling is without merit. The record as a whole supports the bankruptcy court's finding that Bane's transfer of 90% of his ownership interest in the Angel Lane Property was done with the intent to defraud his creditors. The lack of consideration and the parties to the transaction (mother/son) strongly suggest such intent, as does the timing of the recordation of the deed and Bane's retention of a partial ownership interest, which allowed his continued use of the property. Considering Bane's

preposterous explanations for failing to disclose the transfer (allegedly, he thought the property was going to be sold or, alternatively, his brother recorded the deed without his knowledge), it is not surprising that the bankruptcy court held that Bane did not rebut the presumption of fraudulent intent and that the UST carried his ultimate burden of proof.[4]

## III

For the reasons stated herein, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[4] Bane argues that there was no "transfer" of the Angel Lane Property because the deed transferring 90% of his ownership interest to Martha Bane was never delivered to her as required by Virginia law. This argument was not raised before either the bankruptcy court or the district court and, therefore, is reviewed for plain error. See In re: Celotex Corp., 124 F.3d 619, 630-31 (4th Cir. 1997) (adopting plain error standard of review used in criminal cases, as set forth in United States v. Olano, 507 U.S. 725 (1993), for application in civil cases when party failed to preserve error below). Under this standard of review, we may exercise our discretion to correct an error not raised below if: (1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) we determine, after examining the particulars of the case, that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732-37. We have reviewed this argument and conclude that Bane cannot meet the plain error standard.